UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHANIEL ROBINSON | ) |
| Plaintiff, | ) |
| Vs. | ) No. 3 07 0318 |
| | ) JURY DEMAND |
| SULLIVAN COUNTY, a political subdivision and authorized by the State of Tennessee; SULLIVAN COUNTY SHERIFF'S DEPARTMENT, a law enforcement department of Sullivan County; John Doe, John Doe, John Doe and John Doe, all Sheriff's Deputies of the Sullivan County Sheriff's Department; | ) JUDGE ECHOLS |
| Defendants | ) |

## COMPLAINT

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

### JURISDICTION and VENUE

1    Jurisdiction in this case is predicated on Title 28 U.S.C. § 1343, in that this is a case brought under the authority of the Civil Rights Act of 1871, Title 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### PARTIES

2    Plaintiff, Nathaniel Robinson, at the time of incident, was a citizen and resident of Sullivan County, Tennessee.

3    Defendant Sullivan County is a political subdivision of the State of Tennessee

4. Defendant Sullivan County Sheriff's Department is a duly organized law enforcement department and/or agency of Sullivan County, Tennessee.

5. Defendant John Doe is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Sullivan County Sheriff's Department

6.1. Defendant John Doe is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Sullivan County Sheriff's Department.

6.2. Defendant John Doe is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Sullivan County Sheriff's Department.

6.3 Defendant John Doe is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Sullivan County Sheriff's Department

## OCCURRENCE GIVING RISE TO ACTION

7 In February, 2006, Plaintiff Nathaniel Robinson appeared in the Criminal Court for Sullivan County, Tennessee at Blountville on charges of Failure to Appear and Violation of Probation.

8. Plaintiff conceded his violations and was sentenced to serve eighteen (18) months at thirty (30) percent as a Range I Standard Offender.

9 In March 2006, Plaintiff began serving his sentence as ordered by the Court

10 On August 1, 2006, Plaintiff was placed into a cell with somewhere between thirty-five (35) and forty (40) other inmates.

11. Upon being placed in this cell, Plaintiff was one of only two African-

American inmates occupying the cell, with the remainder of the occupants being known to Sheriff's Deputies as members of the anti-minority, Caucasian Skinhead faction.

12. Shortly after being intentionally placed in a cell in an effort by the Sullivan County Sheriff's Deputies to bestow some sort of "prison justice" onto Plaintiff, the only other African-American inmate was transferred, leaving Plaintiff as the only African-American occupying the cell.

13. During the time in which Plaintiff was housed inside this cell, there were approximately only four (4) Sheriff's Deputies supervising the inmates.

14. While housed in this cell, a single and obviously racist inmate began spouting racial slurs to Plaintiff, who, without the help and assistance of Sheriff's Deputies, attempted to calm an increasingly tense situation that placed Plaintiff in fear for his personal safety

15. Once the other inmates housed in the cell became aware of not only Plaintiff's vulnerability but also the lack of Sheriff's Deputies' supervision, they began joining in on the racial slurs and threats to Plaintiff's safety.

16. Plaintiff, again, attempted to alleviate his ever-increasing fear by advising the other inmates that "they had made their point" and that he "did not want any trouble". This position by Plaintiff only made the harassment grow stronger and the supervision weaker.

17. Subsequently, Plaintiff was struck in the back of the head by one of the racist inmates and beaten. When Plaintiff came to, he was lying on the floor of the cell unaware of what had just taken place

18 It was only after Plaintiff had been nearly killed that the Sheriff's Deputies decided to intervene, at which time they removed Plaintiff from the cell and placed him into a holding cell with inmate Simonton.

19. Upon being placed in the holding cell, Plaintiff began feeling dizzy and

nauseas and requested a bag of ice to place on a large "knot" underneath his eye, an injury he sustained while being attacked.

20. Shortly thereafter, Plaintiff's head was in excruciating pain and he requested to see a doctor, to which he was allowed.

21. Subsequent to the doctor's visit, Sheriff's Deputies, by way of their extensive medical knowledge, claimed nothing was wrong with Plaintiff and transferred him back to his cell.

22. Upon arriving back in his cell, Plaintiff blacked out and lay of the cell floor for approximately three (3) hours while receiving no medical attention from Sheriff's Deputies or doctors

23. While Plaintiff was lying unconscious on the cell floor for hours, other inmates were furiously calling for Sheriff's Deputies to assist Plaintiff, but to no avail.

24. Plaintiff was finally transported to Indian Path Hospital where he woke up six (6) weeks later, unaware of exactly what had taken place.

25. On August 11, 2006, the Honorable Jerry Beck granted a Furlough Order because Plaintiff was expected to remain in the hospital for two (2) to six (6) months

26. To date, Plaintiff remains under a doctor's care and has sustained medical bills, so far, in the amount of $385,940 09.

## ALLEGATIONS

### I. NEGLIGENT TRAINING AND SUPERVISION

27. Based on information and belief, Defendants Sullivan County and Sullivan County Sheriff's Department failed to adequately train and supervise their law enforcement personnel with respect to inmate safety during course of law enforcement activities

28. Placing Plaintiff into a cell occupied by known white-supremacist inmates

in which he was the only African-American indicates either an intentional act to enforce "prison justice" or a lack of training on the part of Sullivan County Sheriff's Deputies

29. At all times during the shift in which Plaintiff was deliberately placed into this harmful and threatening situation, only four (4) Sheriff's Deputies could be found, while only two (2) were "roaming" and ensuring the safety of the inmates

30. Once Plaintiff was injured and treated b a doctor, he was simply returned to his cell, informed that "nothing was wrong" and left to lay unconscious on the cell floor for hours while Deputies neglected his injuries and other inmates' repeated requests for assistance.

31. Before, during and after the assault complained of herein, defendants, and each of them, were present and had ample opportunity to prevent the unlawful attack of Plaintiff, Nathaniel Robinson, but failed to do so. This omission is evidence of lack of suitable training and supervision.

32. Under the facts alleged herein, defendants, and each of them, owed the public and Plaintiff, Nathaniel Robinson, in particular, a duty of care to ensure the safety of inmates and to avoid such negligent supervision so as to invade upon his civil rights.

33. Defendants, and each of them, breached their common law duty of care to Plaintiff, Nathaniel Robinson, by their acts and omissions as alleged herein, all of which directly and proximately led to the injuries sustained and, thus, a violation of Plaintiff's civil rights

## II. INTENTIONAL DISREGARD FOR INMATE SAFETY

34. Based on information and belief, Defendants Sullivan County and Sullivan County Sheriff's Department intentionally placed Plaintiff into a situation they reasonably should have know would cause harm and serious bodily injury.

35. In particular, Defendants Sullivan County and Sullivan County Sheriff's

Deputies knew or should have known that placing an African-American inmate into an overcrowded cell of racist, Caucasian inmates would lead to serious bodily injury.

36. Before, during and after the assault complained of herein, defendants, and each of them, were present and had ample opportunity to prevent the unlawful attack of Plaintiff, Nathaniel Robinson, but failed to do so. This omission is evidence of defendants' intentional disregard for inmate safety.

37 Said defendants, and each of them, by their intentional placement of a minority inmate among racist prisoners, created an unreasonable risk of harm and danger to the public and to Plaintiff, Nathaniel Robinson, in particular

### III. PATTERN & PRACTICE

38. Sullivan County and the Sullivan County Sheriff's Department have a well-documented history of violating the civil rights of inmates. This history can only be attributed to either a severe lack of training, supervision and understanding of the law *or* a blatant disregard of the law and the rights of inmates. Regardless of the cause of the violation, the placement of an African-American inmate in a cell among numerous other white supremacist inmates would be a shock to the conscience of even the most casual observer and should have been to the defendants, and each of them, named herein.

### DAMAGES

39. As a direct and proximate result of the negligent, malicious, gross and intentional actions and omissions of the defendants heretofore described, and each of them, Plaintiff Nathaniel Robinson was subjected to unlawful and unreasonable harm by the Sullivan County Sheriff's deputies. This gross misconduct of the defendants named herein robbed Plaintiff of one of his most basic and fundamental rights, that being the right to personal safety, even while and especially while in the custody of the State of

Tennessee

40. The various acts and omissions of the defendants heretofore described, and each of them, were wanton, willful, intentional, and malicious so as to evince a gross disregard for human rights and safety and, as such, defendants, and each of them, are and should be subject to punitive and exemplary damages

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, Nathaniel Robinson, against the defendants in the amount of two million dollars ($2,000,000)

C) For punitive damages in favor of Plaintiff, Jerry Forewright, against the defendants in the amount of one million dollars ($1,000,000)

D) For a jury of twelve to try this cause; and

E) For costs to be taxed to the Defendants

Respectfully submitted,

Durham and Dread, PLC
BENJAMIN E. WINTERS #23970
with express permission by
BLAIR DURHAM #21453
Attorney for Plaintiff
1719 19th Avenue South
Nashville, TN 37212
(615) 252 9937